IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDA M. ELLIS, | : |
| d/b/a Linda's Lyrics, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : 1:03-CV-3086-RWS |
| | : |
| ERIC J. ARONSON, et al., | : |
| | : |
| Defendants. | : |

ORDER

On April 26, 2004, Plaintiff filed a Motion [15] to compel Defendants to respond to outstanding discovery requests. On May 14, Defendants filed a Response [17] to the Motion and supplemented previous discovery responses. Defendants represented that they were producing all documents in their possession that were responsive to Plaintiff's discovery requests. On May 24, Plaintiff filed a Reply [18] setting out the requests to which Defendants had not adequately responded. By Order [25] entered August 16, the Court found Defendants had not adequately responded to discovery and ordered Defendants to serve complete responses within ten (10) days of entry of the Order. Plaintiff

was awarded attorney's fees associated with the bringing of her Motion to Compel.

On August 20, Defendants' counsel Michael B. Butler filed a Motion to Withdraw [26]. In the Motion, Mr. Butler asserted that his withdrawal was with the consent of Defendants.  On August 26, the Court entered an Order [27] granting Mr. Butler's Motion to Withdraw.  On September 2, Defendant Eric Aronson filed an Objection [29] to Mr. Butler's withdrawal asserting he had never consented to the withdrawal.  Upon receipt of the Objection, the Court entered an Order [28] vacating the previous Order permitting withdrawal and setting the matter down for a hearing.  At the hearing on September 17, the Court denied Mr. Butler's Motion [26] to withdraw.  On that same date, Plaintiff filed a Motion [33] to strike Defendants' Answer and Enter a Default Judgment based upon Defendants' failure to supplement discovery responses as required by the August 16 Order [25].  Defendants' failure to respond was discussed at the September 17 hearing, and the Court directed Defendants to immediately comply with the August 16 Order and to provide a written status report to the Court within ten (10) days.

On October 1, Defendants filed a Response [36] to Plaintiff's Motion to Strike and for Default Judgment in which Defendants asserted they had fully complied with Plaintiff's discovery requests. The Declaration of Defendant Aronson was attached to the Response. Aronson stated under oath that he had produced 1,509 bate-stamped pages that were "the full, unrestricted production of all documents in the possession, custody, or control of either DSI or myself, which fairly meet the description of those sought." Aronson Decl. at 2.

Checks in the sequence before and after the check allegedly sent by Aronson to Plaintiff have been among the most critical items of evidence sought by Plaintiff. The Court specifically mentioned these checks to Aronson at the September 17 hearing. Aronson consistently asserted that he had not produced the checks because of difficulties in obtaining them from his bank.

On October 12, Plaintiff filed a Reply Brief [37] and attached supporting affidavits. According to Plaintiff, when Defendant produced the 1,509 pages of documents, the requested checks were not included. Plaintiff's counsel notified Defendants' counsel, and the checks were finally produced on October 7. The subject checks had not been in the possession of Defendants' bank, but had been in Defendants' possession. The checks were blank checks marked

3

"void." Defendants' intentional misconduct has obstructed discovery in the case. Further, Defendants have made intentional misrepresentations to opposing counsel and to this Court.

> Federal Rule of Civil Procedure 37(b)(2) provides:
>
> If a party. . .fails to obey an order to provide or permit discovery . . ., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> . . .
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(C).

> This rule gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders; however, this discretion is guided by judicial interpretation of the rule. For example, a default judgment sanction requires a willful or bad faith failure to obey a discovery order. Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal. . . .Finally, the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not insure compliance with the court's orders.

<u>Malautea v. Suzuki Motor Co., Ltd.</u>, 987 F.2d 1536, 1542 (11th Cir. 1993).

The Court concludes that Defendants' willful and bad faith failure to obey this Court's discovery orders justifies imposition of the severe sanction of

4

striking their pleadings and entering a default judgment.  Therefore, Plaintiff's Motion to Strike Defendants' Answer and Enter a Default Judgment Against Defendants [33] is hereby **GRANTED**.

    SO ORDERED, this __18th__ day of November, 2004.

                                                /s/ Richard W. Story
                                                RICHARD W. STORY
                                                UNITED STATES DISTRICT JUDGE