IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| LINDA M. ELLIS, d/b/a Linda's Lyrics, | : : : : : : : : : : : : : | CIVIL ACTION NO. 1:03-CV-3086-RWS |
| Plaintiff, | | |
| v. | | |
| ERIC J. ARONSON and DASH SYSTEMS, INC. | | |
| Defendants. | | |

## **ORDER**

This case came before the Court for a hearing on May 9, 2005 to address the relief Plaintiff Linda M. Ellis d/b/a Linda's Lyrics ("Plaintiff") is entitled to after securing a default judgment against Defendants Eric J. Aronson and Dash Systems, Inc. ("Defendants"). After considering the evidence and arguments presented at the hearing, the Court holds as follows:

With respect to Count I of the Complaint, in which Plaintiff asserts a claim for copyright infringement, she is entitled to collect statutory damages and

attorney's fees, and is likewise entitled to permanent injunctive relief. Having found Defendants' infringement of Plaintiff's copyright to be willful, and in light of the level of culpability evinced by Defendants' conduct as well as the substantial profits apparently reaped by Defendants in connection with their unlawful activities,[1] the Court concludes that statutory damages in the amount of $150,000 constitutes an appropriate award under 17 U.S.C. § 504(c)(2). Moreover, the Court exercises its discretion in favor of awarding Plaintiff costs and attorney's fees pursuant to 17 U.S.C. § 505. Plaintiff is **DIRECTED** to comply with the procedures established in LR 54.2, NDGa to assist the Court in fixing the appropriate amount of such an award.

In addition, given the probability of Defendants' continued infringement of Plaintiff's copyright absent the imposition of an injunction, Plaintiff is entitled to injunctive relief precluding Defendants from continuing to infringe her copyright in the poem, "The Dash" (referred to herein as the "Work"). In particular, Defendants are hereby permanently **ENJOINED**, for the life of the

---

[1] In light of Defendants' failure to provide certain financial documents requested by Plaintiff during discovery, the extent of Defendants' profitability remains unknown. Evidence presented to the Court during the May 9, 2005 hearing, however, suggests that Defendants have enjoyed substantial profits in connection with their misappropriation of Plaintiff's work.

copyright in the Work, from further infringement of the copyrighted Work, including infringement through reproduction of the copyrighted Work, both in printed publications and in electronic media; preparation of derivative works based upon the copyrighted Work; distribution of copies of the copyrighted Work to the public by sale or other transfer of ownership; public performance of the copyrighted Work, including through readings of the Work transmitted through Defendants' website(s); and public display of the copyrighted Work. See 17 U.S.C. § 502; see also 17 U.S.C. § 106.  This injunction does not, however, foreclose Defendants' continued use of the word, "dash," in connection with their enterprise, or from employing the concept of a "dash" as a general metaphor for a person's life.  See, e.g., Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1248 (11th Cir. 1999) ("The protection afforded by copyright, however, does not extend to all aspects of an author's work.  It is an axiom of copyright law that the protection granted to a copyrightable work extends only to the particular expression of an idea and never to the idea itself.") (internal quotations omitted).

With respect to the remaining counts of the Complaint, the Court concludes that the relief provided above is sufficient to make Plaintiff whole and

3

to deter Defendants from engaging in further unlawful misappropriation of Plaintiff's intellectual property.  Accordingly, it finds that no further relief is warranted and/or available under applicable law.

**SO ORDERED** this 19th day of May, 2005.


/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)